CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 10, 2018

LETTER TO COUNSEL

    RE:    *Kiana T. v. Commissioner, Social Security Administration*;[1]
              Civil No. SAG-18-76

Dear Counsel:

On January 10, 2018, Plaintiff Kiana T. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 15, 20. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

After a prior denial, Plaintiff filed her claim for benefits on January 13, 2015, alleging an onset date of November 30, 2014. Tr. 171-77. Her claim was denied initially and on reconsideration. Tr. 93-96, 103-06. A hearing was held on March 21, 2017, before an Administrative Law Judge ("ALJ"). Tr. 32-53. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 11-31. The Appeals Council ("AC") denied Plaintiff's request for further review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "slight hearing loss, fibromyalgia, obstructive sleep apnea, obesity, depression, diabetes mellitus type II, hypertension, and congestive heart failure." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 416.967(a) except she can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. The claimant should avoid concentrated exposure to extreme temperatures, humidity, environmental irritants, excessive noise, and hazards. The claimant is capable of performing simple, routine,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

>repetitive tasks, and can have occasional interaction with co-workers and supervisors, but no contact with the public.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in the national economy. Tr. 24-25. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 25-26.

Plaintiff makes several arguments on appeal: (1) that the ALJ's RFC assessment was flawed and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); (2) that the ALJ erroneously relied on non-examining physicians who did not issue opinions; (3) that the ALJ improperly invoked non-compliance as a basis for denying benefits; and (4) that a sentence six remand might be appropriate because Plaintiff recently received an award of benefits on a subsequent application. Although some of Plaintiff's arguments lack merit, I agree that the ALJ's analysis did not comply with *Mascio,* and I therefore grant remand under sentence four.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2017). Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2017). The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which relate to "serious and persistent" disorders lasting at least two years with a history of ongoing medical treatment and marginal adjustment. *Id.* §§ 12.00(A), (G). A claimant's impairments meet the listings relevant to this case by satisfying either the paragraph A and paragraph B criteria, or the paragraph A and paragraph C criteria. *Id.* § 12.00(A).

Paragraph B consists of four broad functional areas assessing the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* § 12.00(A)(2)(b). The functional area of concentration, persistence, or pace "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." *Id.* § 12.00(E)(3).

The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.920a(b), (c)(2) (2017). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the four areas: none, mild, moderate, marked, or extreme. *Id.* § 404.920a(c)(4). A

moderate limitation signifies the claimant has only a fair ability to function in the relevant area of mental functioning. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(F)(2)(c) (2017).

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

At step three in the instant case, the ALJ found that Plaintiff had moderate limitations maintaining concentration, persistence, or pace. Tr. 19. The ALJ's analysis stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitation. The claimant reports difficulty with memory, concentration, completing tasks, and following instructions. However, these claims are not supported by the objective evidence in the record. As noted above, the claimant has received very limited mental health treatment. Additionally, the evaluation by Ms. Slawinski noted the claimant's attention and concentration were within normal limits, her thoughts were organized, her speech was goal-directed, her memory was intact, and her fund of knowledge and intelligence were [sic] grossly average. As such, I find that the claimant [sic] only moderate limitation in concentration, persistence, or maintaining pace.

*Id.* (internal citations omitted).

The RFC analysis contains a somewhat minimal discussion of Plaintiff's mental health impairment. Tr. 22-23. The ALJ acknowledges that "the record shows some history of depression," Tr. 22, but notes that at an evaluation on September 4, 2015, the examiner found that Plaintiff's "attention and concentration were normal," and that there were normal objective psychiatric findings at Plaintiff's other appointments. Tr. 22-23. The ALJ provided no specific analysis regarding his reasons for finding that Plaintiff has a moderate limitation in concentration, persistence, or pace, instead of mild or no limitation. Although the ALJ is not required by *Mascio* to provide that type of explanation, without one, I am unable to understand the nature of the moderate limitation to determine whether the ALJ's RFC assessment had to

incorporate specific conditions to accommodate the limitation. In fact, the ALJ offered no explanation as to how any of the limitations included in the RFC assessment were specifically designed to address concentration, persistence, or pace, or whether no such limitations were required. The restriction to "simple, routine, repetitive work," Tr. 20, is directly analogous to the language deemed insufficient in *Mascio,* and addresses only the inability to perform complex tasks, not the ability to sustain work over a full eight-hour workday. Without any analysis provided by the ALJ, I am unable to ascertain whether the RFC assessment would permit a person with Plaintiff's limitations to sustain a competitive pace, with only normal breaks. In light of these inadequacies, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff's next two arguments are less persuasive. The ALJ did not primarily rely on either the opinions of the non-examining State agency consultants or the allegations of non-compliance with medical treatment. Accordingly, neither of those issues would likely require remand, standing alone. However, because the case is being remanded on other grounds, the ALJ will be able to consider whether his analysis on either point requires additional explanation.

Finally, Plaintiff suggests that she has recently been informed that her subsequent application for SSI benefits was granted, which could provide a basis for a sentence six remand. ECF 15 at 8. Because I have already determined that the case should be remanded under sentence four, on remand, the SSA can consider the effect, if any, of the new decision on its consideration of Plaintiff's present claim.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 15, is DENIED, and Defendant's Motion for Summary Judgment, ECF 20, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge